# EXHIBIT "2"

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/18/2025
CT Log Number 548921706

## Service of Process Transmittal Summary

**TO:**  Betsy Gassaway, Director Legal Support
Union Pacific Railroad Company
1400 Douglas St
Omaha, NE 68179-0002

**RE:**  **Process Served in Texas**

**FOR:**  Union Pacific Railroad Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KRYSTLE BOGANY // To: Union Pacific Railroad Company |
| **CASE #:** | 202527182 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/18/2025 at 09:43 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| | Email Notification,  Lena Waterkotte  lawaterkotte@up.com |
| | Email Notification,  Kelly Gearhart  kmgearhart@up.com |
| | Email Notification,  Leslie Robinson  lnrobins@up.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Apr 18, 2025
**Server Name:**        Mauricio Segovia

| Entity Served | UNION PACIFIC RAILROAD COMPANY |
|---|---|
| Case Number | 202527182 |
| Jurisdiction | TX |

| Inserts |
|---|
| | | |



CAUSE NO. 202527182

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1022421

EML  TRACKING NO: 74468387

| | |
|---|---|
| Plaintiff:<br>BOGANY, KRYSTLE<br>vs.<br>Defendant:<br>UNION PACIFIC RAILROAD COMPANY | In The 055th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**


To:    **UNION PACIFIC RAILROAD COMPANY MAY BE SERVED THROUGH ITS REGISTERED AGENT CT**
**CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

        Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 17, 2025 in the above cited cause number and court.  The
instrument attached describes the claim against you.

        **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

        This citation was issued on April 17, 2025, under my hand and seal of said court.

Issued at the request of:                                               _Marilyn Burgess_
                                                                                              Marilyn Burgess, District Clerk
AN-NOOR, KASEEM MALIK
2211 NORFOLK STREET SUITE 300                                                                 Harris County, Texas
                                                                                              201  CAROLINE    Houston   Texas
HOUSTON TEXAS 77098                                                                           77002
713-655-1405                                                                                  (PO  Box  4651,  Houston,  Texas
Bar Number: 24142636                                                                          77210)

                                                                                              Generated By:YASMIN CREAG

Tracking Number: 74468387

**CAUSE NUMBER: 202527182**

| | |
|---|---|
| **PLAINTIFF: BOGANY, KRYSTLE** | **In the 055th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: UNION PACIFIC RAILROAD COMPANY** | **Harris County, Texas** |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____ _____ in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____

    By_____

          Affiant                                                            Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

_____

                            Notary Public

4/17/2025 12:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99795846
By: Yasmin Creag
Filed: 4/17/2025 12:13 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KRYSTLE BOGANY,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| UNION PACIFIC RAILROAD<br>COMPANY AND ROBERT<br>WILLIAMS,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Krystle Bogany who files this Original Petition against Defendants Union Pacific Railroad Company ("Union Pacific") and Robert Williams ("Williams") (collectively, "Defendants"), and respectfully will show the Court the following:

## DISCOVERY CONTROL PLAN

1.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

## RULE 47 STATEMENT

2.      Plaintiff seeks monetary relief of no more than $250,000.

3.      Plaintiff reserves the right to request higher monetary relief at trial.

## PARTIES

4.      Plaintiff Krystle Bogany is an individual residing in Texas.

5.      Defendant Union Pacific Railroad Company is a foreign limited liability company doing business in Texas. Defendant may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Page 1 of 7

6.     Defendant Robert Williams is an individual residing in New Mexico. Defendant may be served at 6818 Cochiti Road, Albuquerque, New Mexico 87108, or wherever he may be found.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8.     Venue is proper in Harris County under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

9.     This lawsuit arises out of a motor vehicle collision that occurred on or about March 11, 2025, in Harris County.

10.     Plaintiff was traveling west on Polk Street in the furthest lane to the right.

11.     As Plaintiff approached the intersection of Polk Street and South Lockwood Road she observed Defendant Williams driving erratically before coming to a stop in the center lane.

12.     At the time of the incident, Defendant Williams was operating a tractor-trailer provided by Defendant Union Pacific within the scope of his employment with Defendant Union Pacific.

13.     As Plaintiff was attempting to turn onto South Lockwood Road from the only right-turn lane on Polk Street Defendant Williams began to make an improper, wide right-hand turn from a through traffic only lane, failed to check his right side before beginning the maneuver, failed to safely complete the maneuver, and struck the front driver side of Plaintiff's vehicle.

14.    As a direct result of the collision, Plaintiff's vehicle sustained damages and Plaintiff suffered bodily injuries. Plaintiff now brings this lawsuit to recover damages.

## CAUSES OF ACTION

### A. NEGLIGENCE

15.    Plaintiff re-alleges each aforementioned allegation as is fully incorporated herein.

16.    At the time of the motor vehicle collision, Defendants committed acts and omissions, which collectively and separately constituted negligence.

17.    Defendant Williams had a duty to exercise ordinary care and drive reasonably and prudently in the operation of a commercial vehicle. Defendant Williams breached that duty in one or more of the following respects:

     a.  Failure to keep a proper lookout;

     b.  Failure to keep a safe distance from Plaintiff's vehicle;

     c.  Failure to confirm a maneuver can be made safely before attempting it;

     d.  Failure to properly turn;

     e.  Failure to maintain a single marked lane; and/or

     f.  Failure to timely apply the brakes.

18.    Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the damages of Plaintiff.

### B. NEGLIGENT TRAINING, HIRING, SUPERVISING, AND/OR RETENTION

19.    Plaintiff re-alleges each aforementioned allegation as is fully incorporated herein.

20.    Defendant Union Pacific Railroad Company has a duty to exercise ordinary care, meaning that degree of care that would be used by any entity of ordinary prudence under the same

or similar circumstances. Defendant breached that duty, including but not limited to, one or more of the following ways:

      a.   Failing to properly train employees on safety protocols;

      b.   Failing to properly supervise employees; and

      c.   Failing to properly screen employees before allowing them onto the road/ to operate machinery

## C. NEGLIGENT ENTRUSTMENT

21.    In conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant Union Pacific failed to exercise due care and negligently entrusted its equipment to Defendant Williams. Defendant Union Pacific knew or should have known that Defendant Williams was not capable of safely driving for Defendant Union Pacific because he was unfit, unsafe, dangerous, incompetent, and or reckless such that his driving created an unreasonable risk of danger to the public.

## D. VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, AND AGENCY

22.    Plaintiff re-alleges each aforementioned allegation as is fully incorporated herein.

23.    Plaintiff would also show that at the time of the incident, Defendant Williams was in the course and scope of his employment with Union Pacific. Defendant Union Pacific is therefore vicariously liable for the negligent acts or omissions of Defendant Williams described herein under the doctrine of *respondeat superior*.

24.    Such negligence, either singularly or in combination, proximately caused the injuries and damages sustained by Plaintiff.

## DAMAGES

25.    Plaintiff seeks compensation for the following damages that resulted from this incident:

    a.  Past and future medical expenses;

    b.  Past and future mental anguish;

    c.  Past and future physical pain and suffering;

    d.  Past and future impairment;

    e.  Property damage;

    f.  Costs of suit; and

    g.  Any and all other damages to which Plaintiff may be justly entitled.

## PRESERVATION OF EVIDENCE

26.    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes, including but not limited to dash cam footage; audiotapes; recordings; business records; ECM data and/or electronic data downloads from the vehicle; billing records; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; emails; voicemails; text messages; investigation materials; cellular telephone records; calendar entries; the vehicle; inspection and maintenance records; and any electronic image, data, or information related to the Plaintiff and this incident. Failure to maintain such items will constitute a "spoilation" of the evidence and may subject Defendants to sanctions.

## TRCP 193.7 NOTICE

27.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in discovery may be used in pretrial proceedings and/or at trial and will be deemed authentic unless valid and timely objections to authenticity are made.

## JURY DEMAND

28.     Plaintiff demands a jury trial.

## PRAYER

29.     Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing; that Plaintiff recovers damages from Defendants in accordance with the evidence; that Plaintiff recovers costs of court, prejudgment and post-judgment interest, and all damages sought herein; and that Plaintiff receives any other relief to which she may be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

*/s/ Kaseem Malik An-Noor*
Andrew Dao
State Bar No. 24082895
adao@dalyblack.com
Kaseem Malik An-Noor
State Bar No. 24142636
kan-nor@dalyblack.com
2211 Norfolk Street, Suite 300
Houston, TX 77098
(713) 655-1405 (phone)
(713) 655-1587 (fax)
pi.service@dalyblack.com (service)

*and*

TAYLOR LAW GROUP, PLLC

*/s/ Crystal Dior Taylor*
Crystal Dior Taylor
State Bar No: 24121859
4942 Carranza Ct.
Rosharon, TX 77583
Phone: (832) 208-4601
Email: ctaylor@gtlawgroup.com

**ATTORNEYS FOR PLAINTIFF**